## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This is an Agreement between Alex D. Moglia, Trustee of the Estate of Todd J. Fendler, Case No. 17-81328, a bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Illinois, Western Division (hereinafter, "Trustee"), on the one hand, and Joseph D. Olsen and Yalden, Olsen & Willette (hereinafter, collectively referred to as "Potential Defendants") on the other hand.

**WHEREAS** the Trustee and the Potential Defendants wish to amicably, fully and forever resolve any and all legal or other claims that now or may exist between them in connection with Joseph D. Olsen's prior status as a bankruptcy trustee of the aforedescribed bankruptcy estate and his administration of the property commonly known as 6090 Strathmoor Drive, Unit 3, Rockford, Illinois 61107 (hereinafter, "Real Estate") and for any and all other claims related to that case administration or the property in question.

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

1. **FULL RELEASE:** Trustee hereby agrees to fully release and forever discharge Potential Defendants together with all of its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers and any other person(s) or corporation(s) who could be or are alleged to be liable, none of whom admit liability to Trustee, from any and all claims, demands or causes of action legally and rightfully owned, assigned, possessed, or controlled by Trustee, arising out of or related to the conduct of Joseph D. Olsen at any time before the present date. The release extended by this paragraph is absolute and includes any claims that were asserted or could have been asserted, formally or informally, or in any legal action, or that could have been or may be asserted or raised in the legal action or in any subsequent legal action or other proceeding,



in connection with Joseph D. Olsen's conduct as a bankruptcy case trustee in the Todd J. Fendler bankruptcy proceeding and the Real Estate.

2. **SCOPE OF RELEASE:** Trustee agrees that this Agreement herein shall apply to all claims of any type whatsoever that were alleged or could have been alleged by Trustee in any action or any proceeding of any kind against Potential Defendants or that could or may be alleged or raised by Trustee in any subsequent legal action or other proceedings.

3. **CONSIDERATION:** As full consideration for Trustee's agreements and the release extended above, Potential Defendants agrees to make a settlement payment to Trustee in the total amount of Ten Thousand and no/100 Dollars ($10,000.00), the receipt and sufficiency of which is hereby acknowledged.

4. **PAYMENT:** The above consideration shall be sent to Alex D. Moglia no later than 30 days from the date that the United States Bankruptcy Court for the Northern District of Illinois, Western Division, approves a compromise of a controversy involving these issues.

5. **RESPONSIBILITIES:** Each party to this Release is responsible for their own attorney's fees.

6. **FULL COMPROMISE:** It is understood that this Agreement shall constitute a full compromise and settlement of Trustee's asserted or unasserted claims and that any liability of Potential Defendants to Trustee is expressly denied.

7. **APPLICABLE LAW:** The parties agree that this Agreement shall be shall be governed by and construed in accordance with the laws of the State of Illinois for state law issues and federal law for federal law issues.

8. **SEVERABILITY:** Wherever possible, each provision of this Agreement shall be interpreted as valid under applicable law. In case any one or more of the provisions contained in this Agreement or any instrument or any other documents delivered pursuant to this Agreement shall be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein and therein shall not in any way be affected or impaired thereby.

9. **ACKNOWLEDGMENT:** Trustee acknowledges that it has entered into this Agreement voluntarily and of his own free will and he has the legal capacity to execute this Agreement.

Dated: _____, 2018

IN WITNESS WHEREOF, I have hereto set my hand and seal this 12th day of November, 2018.

By: _____ Attorney for Trustee
Alex D. Moglia, Trustee of the Estate of Todd J. Kendler, USBC Case No. 17-81328, Northern District of Illinois, Western Division

_____ 11.8.18
Joseph D. Olsen

YALDEN OLSEN & WILLETTE

by: Joseph D. Olsen    11.8.18